THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BIANCA KAYLENE RUIZ,<br><br>Appellant,<br><br>v.<br><br>JACOB RYAN RUIZ and VIRGIL WAYNE HARDCASTLE,<br><br>Appellees. | **MEMORANDUM DECISION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER**<br><br>Case No. 2:22-cv-00223<br><br>Bankruptcy Case No. 21-24823<br>(Adversary Proceeding No. 22-02000)<br><br>District Judge David Barlow |

Before the court is Appellant Bianca Ruiz's appeal of the United States Bankruptcy Court for the District of Utah's order granting Appellees Jacob Ruiz's and Virgil Hardcastle's motions to dismiss for failure to state a claim.[1] The bankruptcy court determined that Mr. Ruiz and Mr. Hardcastle's action in seeking a modification of Mr. Ruiz's child and spousal support obligation was not a violation of an automatic stay because it qualified for an exception under 11 U.S.C. § 362(b)(2)(A)(ii).[2] On appeal, Ms. Ruiz argues that the bankruptcy court applied improper legal standards and made incorrect factual findings.[3] Exercising jurisdiction under 28 U.S.C. § 158(a), this court affirms the bankruptcy court's decision.

---

[1] Order on Plaintiff's Motion for Leave to File Second Amended Complaint, Motion to Join Defendant Hardcastle's Motion to Dismiss Complaint, and Defendants' Motion to Dismiss Second Amended Complaint at 2, Ruiz v. Ruiz et al, No. 22-02000 (Bankr. D. Utah Mar. 25, 2022), ECF No. 41.
[2] Transcript of Oral Ruling at 42–57, Ruiz v. Ruiz et al, No. 22-02000 (Bankr. D. Utah Mar. 25, 2022).
[3] Appellant's Opening Br., ECF No. 15, at 25–36.

## BACKGROUND

Ms. Ruiz and Mr. Ruiz are separated spouses.[4] Ms. Ruiz filed a petition for divorce in California state court on March 11, 2019.[5] Mr. Hardcastle is Mr. Ruiz's attorney in the divorce proceedings.[6] As of January 2022, the divorce proceedings were ongoing.[7]

On March 27, 2017, Ms. Ruiz and Mr. Ruiz jointly entered into a loan agreement with Navy Federal Credit Union to finance a vehicle purchase ("auto loan").[8] The auto loan agreement required 60 monthly payments of $506.85.[9] The vehicle financed by the loan is in Ms. Ruiz's possession and has been since at least June 2021.[10]

In June 2021, Ms. Ruiz paid the monthly $506.85 auto loan payment.[11] On June 22, the California state court overseeing the couple's divorce entered a temporary support order obligating Mr. Ruiz to pay $1,890 to Ms. Ruiz for child support ($1,690.00) and spousal support ($200.00) each month.[12]

In July and August 2021, Ms. Ruiz did not pay the monthly payment for the auto loan.[13] Navy Federal Credit Union withdrew the payment amounts from Mr. Ruiz's savings account for those two months, but it refunded the August payment when Mr. Ruiz contacted it.[14] After putting the account into deferment for September, Mr. Ruiz began making the monthly payments in October 2021.[15]

---

[4] *Id.* at 14.
[5] Transcript of Oral Ruling at 43, Ruiz v. Ruiz et al, No. 22-02000 (Bankr. D. Utah Mar. 25, 2022).
[6] Second Am. Compl. 6.
[7] *See generally id.*
[8] *Id.* at 6.
[9] Appellant's Opening Br. 40.
[10] Second Am. Compl. 7.
[11] *Id.* at 57, 84.
[12] *Id.* at 6, 83.
[13] *Id.* at 7.
[14] *Id.*
[15] *Id.* at 8.

On October 4, 2021, Mr. Ruiz filed a motion seeking a support modification, setoff, and reimbursement in the state court divorce proceedings.[16] Specifically, Mr. Ruiz sought for Ms. Ruiz to reimburse him $506.85 for the July auto loan payment and for the court to order Ms. Ruiz to make future payments on the auto loan.[17] The state court set a hearing for December 7, 2021.[18]

On November 10, 2021, Ms. Ruiz filed a petition for bankruptcy under Chapter 7.[19] Two days later, Ms. Ruiz notified Mr. Ruiz and Mr. Hardcastle of her petition.[20]

On November 24, 2021, in a reply declaration in the state court, Mr. Ruiz again requested a setoff of the prepetition mutual debt—the $506.85 monthly auto loan payment—against Mr. Ruiz's support obligation.[21] In that filing, Mr. Ruiz acknowledged that he "received notice that [Ms. Ruiz] has now filed for bankruptcy."[22] Ms. Ruiz sent numerous letters to Mr. Ruiz and Mr. Hardcastle stating that a set-off of the prepetition mutual debt would be a violation of the stay.[23]

At the December 7, 2021 state court hearing, Mr. Hardcastle informed the state court that Mr. Ruiz was seeking a "direct credit against [support] arrears for the payments" Mr. Ruiz had made on the auto loan and the ability to "make that payment directly and deduct it from" his support obligation.[24] The state court ordered Mr. Ruiz to pay the auto loan directly and receive a dollar-for-dollar credit toward his support obligation to Ms. Ruiz.[25]

---

[16] *Id.* at 6–7.
[17] *Id.*
[18] *Id.* at 8.
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.* (emphasis omitted).
[22] *Id.*
[23] *Id.*
[24] *Id.* at 8.
[25] *Id.* at 83 ("Effective 12/01/2021 the court orders [Mr. Ruiz] to pay the debt in his name that is associated with the 2013 Audi that is in [Ms. Ruiz's] possession. [Mr. Ruiz] shall receive a dollar for dollar credit towards his child and spousal support obligation." (citing the state court's Dec. 7, 2021 Minutes and Order)).

In January, February, and March 2022, Ms. Ruiz received less than $1,890 through her child support account because of Mr. Ruiz's credit for the auto loan payment.[26] Also in January, the Department of Child Support Services reset Ms. Ruiz's child support arrearage of $1,798.32 to $0.00.[27]

On December 27, 2021, Ms. Ruiz filed a notice of violation of stay in the state court.[28] On January 5, 2022, Ms. Ruiz filed her initial complaint in this adversary proceeding in the bankruptcy court, naming both Mr. Ruiz and Mr. Hardcastle as defendants.[29] All parties proceeded pro se. Mr. Ruiz and Mr. Hardcastle filed a joint motion to dismiss on February 4, 2022.[30] Ms. Ruiz opposed the motion on February 18, 2022.[31] Ms. Ruiz then filed a second amended complaint ("SAC") on March 8, 2022.[32] A day later, Mr. Hardcastle filed a motion to dismiss the SAC, followed by a memorandum in support on March 17, 2022.[33]

The bankruptcy court granted the motion to dismiss in an oral ruling on March 25, 2022.[34] It found that the auto loan met the exception to the automatic stay in 11 U.S.C. § 362(b)(2)(A)(ii).[35] Because "[Mr. Ruiz's and Mr. Hardcastle's] actions qualify for the recognized exception . . . and are, therefore, not a violation," the bankruptcy court found that "the complaint fails to state a claim for which relief can be granted."[36]

---

[26] *Id.* at 10.
[27] *Id.*
[28] Transcript of Oral Ruling at 45, Ruiz v. Ruiz et al, No. 22-02000 (Bankr. D. Utah Mar. 25, 2022).
[29] *Id.* at 46.
[30] *Id.*
[31] *Id.*
[32] *Id.* at 47.
[33] *Id.*
[34] *Id.* at 56–57.
[35] *Id.* at 49.
[36] *Id.* at 56.

Ms. Ruiz subsequently appealed the decision to this court, filing a notice of appeal on March 29, 2022.[37] She seeks three types of relief for the alleged violation of the stay: "actual damages caused by [Mr. Ruiz's and Mr. Hardcastle's] willful violation of the stay"[38] imposed by 11 U.S.C. § 362(a)(6),[39] "punitive damages caused by [Mr. Ruiz's and Mr. Hardcastle's] willful violation of the stay,"[40] and injunctive relief pursuant to 11 U.S.C. § 105(A).[41]

## DISCUSSION

A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges."[42] As the bankruptcy court dismissed this case under Federal Rule of Civil Procedure 12(b)(6)[43]—a final order[44]—this court now has jurisdiction over this appeal.

### I.     Standard of Review

"The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo."[45] "[B]ecause the standard of review is de novo," this court "can affirm a [bankruptcy] court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the [bankruptcy] court."[46]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

---

[37] Notice of Appeal, ECF No. 1.
[38] 11 U.S.C. § 362(k).
[39] Second Am. Compl. 17.
[40] 11 U.S.C. § 362(k).
[41] Second Am. Compl. 2.
[42] 28 U.S.C. § 158(a)(1).
[43] Order on Plaintiff's Motion for Leave to File Second Amended Complaint, Motion to Join Defendant Hardcastle's Motion to Dismiss Complaint, and Defendants' Motion to Dismiss Second Amended Complaint at 2, Ruiz v. Ruiz et al, No. 22-02000 (Bankr. D. Utah Mar. 25, 2022), ECF No. 41.
[44] *Chavez v. City of Santa Fe Hous. Auth.*, 606 F.2d 282, 283 (10th Cir. 1979).
[45] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).
[46] *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 689 (10th Cir. 2018) (citing *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 879 (10th Cir. 2017)).

sufficient to state a claim for which relief may be granted."[47] "In doing so, [the court] accept[s] all well-pled factual allegations and view[s] those allegations in the light most favorable to the plaintiff."[48] A complaint must contain "enough facts to state a claim to relief that is plausible on its face."[49] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[50]

"Generally, the sufficiency of a complaint must rest on its contents alone."[51] The exceptions to this rule are limited: "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'"[52] Also, under Federal Rule of Civil Procedure 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part therefor for all purposes."[53]

In analyzing Ms. Ruiz's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[54] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[55] and the court "will not

---

[47] *Smith*, 561 F.3d at 1098 (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).
[48] *Walker v. BOKF, Nat'l Ass'n*, 30 F.4th 994, 1002 (10th Cir. 2022).
[49] *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, New Mexico*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[50] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[51] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).
[52] *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).
[53] Fed. R. Civ. P. 10(c); *Oxendine*, 241 F.3d at 1275.
[54] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).
[55] *Bellmon*, 935 F.2d at 1110.

6

supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[56]

Accordingly, the court liberally construes Ms. Ruiz's SAC and its exhibits and holds it to a less stringent standard than formal pleadings drafted by lawyers as it conducts its de novo review. Even under this more lenient standard, the court finds that Ms. Ruiz failed to state a claim because she has not alleged facts sufficient to make it plausible that Mr. Ruiz had a prepetition claim against her for the auto loan. Without such a claim, the support obligation modification was not a violation of the bankruptcy stay. Because the court affirms the bankruptcy court's decision on this separate ground, it does not reach the issue as to whether an exception to the stay applied.

## II. Ms. Ruiz Failed to State a Claim Because the SAC Does Not Allege that Mr. Ruiz Had a Prepetition Claim Against Ms. Ruiz.

"When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum."[57] Creditors may seek relief from the automatic stay,[58] but "[w]hen a debtor files for bankruptcy, section 362 prevents creditors from taking further action against [the debtor] except through the bankruptcy court."[59] "[A]ny action taken in violation of the stay is void and without effect."[60]

---

[56] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).
[57] *City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 589 (2021) (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 589 (2020)).
[58] 11 U.S.C. § 362(d).
[59] *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009).
[60] *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940)).

The automatic stay prohibits[61] "any act to collect, assess, or recover *a claim* against the debtor that arose before the commencement of the case under this title."[62] "The term 'claim' means right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[63] "Congress intended by this language to adopt the broadest available definition of 'claim'"[64] and therefore "'right to payment' [means] 'nothing more nor less than an enforceable obligation.'"[65]

Therefore, to state a claim for violation of an automatic stay, a debtor must allege the defendant had a prepetition claim—a right to payment—against the debtor. This is where Ms. Ruiz's SAC falls short. Even construing the allegations liberally and in the light most favorable to Ms. Ruiz, the SAC fails to allege sufficient facts to aver that Mr. Ruiz had a prepetition claim against her.

The SAC alleges that in 2017, Ms. and Mr. Ruiz became joint borrowers on an auto loan. In June 2021, Ms. Ruiz made the $506.85 monthly payment on that auto loan. On June 22, the state court entered a temporary support order obligating Mr. Ruiz to provide Ms. Ruiz $1,890 each month. Ms. Ruiz did not make the auto loan payment in July or August. As a result, the

---

[61] *Fulton*, 141 S. Ct. at 589.
[62] 11 U.S.C. § 362(a)(6). This is the section referenced in Ms. Ruiz's SAC. Second Am. Compl. 17. In her Opening Brief, Ms. Ruiz also cites 11 U.S.C. § 362(a)(1) (staying "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title") and 11 U.S.C. § 362(a)(7) (staying "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor"). While Ms. Ruiz did not raise these sections in the SAC and they are therefore deemed waived, they fail for the same reason that 11 U.S.C. § 362(a)(6) fails: the SAC does not allege that Mr. Ruiz has a claim against Ms. Ruiz for the auto loan.
[63] 11 U.S.C. § 101(5)(A).
[64] *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citing *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 563–564, (1990)).
[65] *Id.* (quoting *Davenport*, 495 U.S. at 558) (finding a mortgage interest that survives the discharge of a debtor's personal liability is a claim because the mortgage holder still retains a right to payment in the form of its rights in the proceeds of the sale of the debtor's property).

credit union garnished those payments from Mr. Ruiz's savings account. In October, Mr. Ruiz began making the monthly payments on the auto loan. Ms. Ruiz then filed for bankruptcy on November 10, 2021. Later that month, Mr. Ruiz requested the state court overseeing the divorce proceedings modify his support obligation and, in December, that court granted Mr. Ruiz a dollar-for-dollar credit against his support obligation for his payments toward the auto loan.

Ms. Ruiz contends these facts demonstrate Mr. Ruiz had a "claim" against her. Ms. Ruiz points to the fact that she and Mr. Ruiz "immediately assumed joint and several liability for the entire amount of the loan" at the time they signed the auto loan agreement.[66] But as Ms. Ruiz observes, Mr. Ruiz and Ms. Ruiz are jointly liable to the credit union on the auto loan;[67] each of them individually is legally obligated to *the credit union* for the entire amount of the loan, not to each other.[68] Mr. Ruiz simply has an independent obligation to pay the auto loan, as does Ms. Ruiz.

Ms. Ruiz next argues that because the auto loan "was joint and several, [Mr.] Ruiz was entitled to a contribution claim from [Ms. Ruiz] at the time they incurred the debt."[69] Under state law,[70] "a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."[71] "The underlying idea is that it is just and equitable for the person benefited to pay his

---

[66] Appellant's Opening Br. 40.
[67] *Id.* at 40 ("[Navy Federal Credit Union]'s claim to the entire amount of the joint car loan is a pre-petition claim.").
[68] *See* Restatement (Second) of Contracts § 289(1) (Am. L. Inst. 1981) ("Where two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof, whether his duty is joint, several, or joint and several.").
[69] Appellant's Opening Br. 41.
[70] Because of the broad definition of "claim," the court considers the law of the states with any relationship to the parties as identified by the SAC: California (the location of the divorce proceedings), Utah (Ms. Ruiz's current residence), and Florida (Mr. Ruiz's current residence).
[71] Cal. Civ. Code § 1432; *see Gardner v. Bean*, 677 P.2d 1116, 1118 (Utah 1984) ("*Contribution* is the process by which one person obtains reimbursement from another for a proportionate share of an obligation paid by the first person but for which they are both liable. . . . It is well settled that a co-guarantor cannot bring an action or suit for contribution until he has paid more than his share of the guaranteed debt. . . . As to installment debts, this rule has been applied to forbid contribution when a co-guarantor has not paid more than his proportionate share of the entire

9

proportionate share."[72] The cause of action arises when "one party ha[s] paid more than his share of the joint obligation."[73] But "[u]nder fundamental principles of equity, a person who has paid no more than his or her just proportion of the debt cannot secure contribution from a codebtor, even if the codebtor has paid nothing."[74]

To enable the court to draw a reasonable inference that Mr. Ruiz has a claim for contribution—an enforceable right to payment—against Ms. Ruiz, Ms. Ruiz would have to have alleged that as co-borrowers on the auto loan, Mr. Ruiz paid in excess of his proportionate share of the obligation.[75] In other words, an allegation that Ms. Ruiz owes Mr. Ruiz because Mr. Ruiz paid more than his fair share of the auto loan. But the SAC makes no such averment, nor does it allege facts from which such a conclusion is plausible. The SAC only alleges that in June 2021, Ms. Ruiz paid the auto loan payment. From July 2021 through March 2022,[76] Mr. Ruiz paid the auto loan payment and, beginning in December, he received a corresponding dollar-for-dollar deduction from his monthly support payment to Ms. Ruiz. Ms. Ruiz maintains possession of the vehicle financed by the auto loan. These facts do not make it plausible that Mr. Ruiz paid in

---

obligation, including the portion not yet due." (citations omitted)); *Desrosiers v. Russell*, 660 So. 2d 396, 398 (Fla. Dist. Ct. App. 1995) ("When a person pays more than his share of a common obligation, the law gives him the remedy of contribution to obtain from the other obligors payment of their respective shares of the obligation. Where two or more persons have bound themselves as guarantors, they are generally presumed to be equally liable for a proportion of the liability on the note guaranteed. In the event that one of the guarantors has paid more than his share of the amount owed, he is entitled to demand contribution from the others." (citations omitted)).
[72] *Murchison v. Murchison*, 219 Cal. App. 2d 600, 604 (Ct. App. 1963).
[73] *Id*.; *see Great W. Bank v. Kong*, 90 Cal. App. 4th 28, 33 (2001). "The right comes into existence only after the issuance of a judgment declaring more than one defendant jointly liable to the plaintiff." *Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1138 (N.D. Cal. 2010) (applying California law); *see also* West's Ann. Cal. C.C.P. § 875. There has been no such judgment in the case at hand. However, because the broad definition of the term "claim" includes rights to payment "whether or not those rights are reduced to judgment" or "contingent," the court evaluates whether the SAC states a claim for contribution.
[74] *Morgan Creek Residential v. Kemp*, 153 Cal. App. 4th 675, 684–85 (2007).
[75] *Id*. at 684.
[76] With the exceptions of August and September, for which Mr. Ruiz received reimbursement from the credit union or during which the loan was in deferment.

excess of his proportionate share of the auto loan—they do not speak to whether Mr. Ruiz paid more than his fair share. And a mere possibility is not enough to meet the pleading standard.[77]

Finally, the court observes that the state court ordering Mr. Ruiz to receive a credit against his support obligation for the monthly auto loan payments did not create a right to payment. The state court merely modified the manner in which Mr. Ruiz provides Ms. Ruiz the $1,890 monthly support obligation. The order does not give Mr. Ruiz a right to payment from Ms. Ruiz for the auto loan: she is not obligated to make any payment to him.

Because Ms. Ruiz did not allege and support with well-pleaded factual contentions that Mr. Ruiz had a prepetition claim against her, the stay imposed by 11 U.S.C. § 362(a)(6) did not apply to his requested modification of the support obligation. Ms. Ruiz has not alleged sufficient facts that Mr. Ruiz's request to receive credit against his support obligation for the auto loan payments was an act to collect on an enforceable claim that would constitute a prepetition debt owed to him by Ms. Ruiz. Therefore, this court affirms the bankruptcy court's decision and need not reach the basis identified by the bankruptcy court, nor the other arguments advanced by Ms. Ruiz, because none of them would change the result.

**ORDER**

For the foregoing reasons, the United States Bankruptcy Court for the District of Utah's Order on Plaintiff's Motion for Leave to File Second Amended Complaint, Motion to Join Defendant Hardcastle's Motion to Dismiss Complaint, and Defendants' Motion to Dismiss Second Amended Complaint in Adversary Proceeding 22-02000 in *In re Bianca Kaylene Ruiz*, Bankruptcy Case No. 21-24823, is AFFIRMED.

---

[77] *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

11

Signed October 6, 2022.

BY THE COURT

_____
David Barlow
United States District Judge